**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOHNATHAN JOHNSON** | § | |
| | § | |
| **V.** | § | |
| | § | **A-14-CA-834  LY** |
| **HAYS COUNTY, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Johnathan Johnson's Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. No. 1).  The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.  APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing the financial information in Johnson's *in forma pauperis* motion, the Court finds that he is indigent.  Accordingly, the Court **HEREBY GRANTS** Johnson *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1).  This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Johnson is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Johnson's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Johnson has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial."  *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).  A civil action may be dismissed as malicious if it duplicates claims raised by the same plaintiff in previous litigation. *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993).

Pro se complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983).  In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  "A claim has facial

2

plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## A.      General Background

Johnathan Johnson ("Johnson") contends his civil rights were violated when on April 5, 2013, after receiving a ninety-day sentence in a Hays County Court, he attempted to enter the Hays County District Attorney's Office, to attempt to speak with the Hays County District Attorney, Sherri Tibbe. Complaint at 1. Johnson complains he was told to leave the building and was not allowed to re-enter. Johnson alleges that this action violated the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution, constituted civil conspiracy, and constituted negligent inflection of emotional distress, intentional infliction of emotional distress, assault, mental anguish, excessive force, battery psychological shock, and psychological stress. Johnson alleges violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, and 42 U.S.C. § 2000d. *Id.*

As defendants, Johnson names Hays County; Sherri Tibbe in her individual and official capacity as Hays County District Attorney; Fred Weber, in his individual and official capacity as Hays County Assistant District Attorney; the Hays County District Attorney's Office; the Hays County Sheriff's Department; Hays County Sheriff Gary Cutler; and Hays County Sergeant Hall.

This is not Johnson's first lawsuit in this Court. On May 24, 2013, Johnson sued Hays County, the Hays County District Attorney's Office, Fred Weber and Sherri Tibbe, along with others, alleging

various federal civil rights claims pursuant to 42 U.S.C. § 1983, and state law claims. *Johnson v. Slaughter et al.*, Civ. No. A-13-CV-438-LY (W. D. Tex. 2013). There, Johnson alleged that from June 7, 2009, to October 30, 2013, the City of San Marcos, Hays County, numerous city and county officials and employees, along with private citizens, engaged in a conspiracy of harassment and intimidation in order to deprive Johnson of his civil rights. On September 11, 2013, Judge Lane ordered Johnson to file a More Definite Statement "simply stating, in his own words, each action Defendants took that Plaintiff believes was unlawful." *Id.*, Dkt No. 2. One of the claims raised in that case was an assertion by Johnson that he was escorted out of the Hays County Government Center on April 5, 2013. Ultimately, Judge Lane recommended that Judge Yeakel dismiss Johnson's claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.*, Dkt. No. 6. Judge Yeakel agreed, and dismissed the case on November 27, 2013.

On May 23, 2014, Johnson filed another case, naming the City of San Marcos, the San Marcos Police Department, Chief Howard Williams, and two officers as defendants. He raised constitutional claims pursuant to 42 U.S.C. § 1983, and under state law. *Johnson v. City of San Marcos, et al.*, Civ. No. A-14-CV-481-LY (W. D. Tex. 2014). His claims related to a May 24, 2012 incident where he alleges two policemen stopped him while he was walking home and pointed assault weapons at him. Once again, Judge Lane recommended the dismissal of Johnson's claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.*, Dkt. No. 2. Judge Yeakel adopted the Report and Recommendation and dismissed the case on September 18, 2014. *Id.*, Dkt. No. 7.

**B.     Analysis**

   ***1.     Res Judicata***

Dismissal, pursuant to 28 U.S.C. § 1915, on the basis of frivolousness is appropriate if the court recognizes that an affirmative defense would defeat an action. *Clark v. State of Ga. Pardons &*

4

*Paroles Bd.*, 915 F.2d 636, 640 (11th Cir.1990). "Res judicata and collateral estoppel are [ ] affirmative defenses which justify dismissal of a claim as frivolous." *Id.* at 641, n. 2 (citing *Patterson v. Aiken*, 628 F.Supp. 1068, 1076 (N.D. Ga. 1985); *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir.1989)). The *Wilson* court explained that IFP complaints may be dismissed as frivolous where they seek to "relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson*, 878 F.2d at 850; *see Bagby v. Karriker*, 555 Fed. Appx. 405 (5th Cir. 2014). The doctrine of res judicata[1] bars litigation of any issue connected with a cause of action or defense that, in the use of due diligence, a party might have tried or actually did try in an earlier suit. *See Ellis v. Amex. Life Ins. Co.*, 211 F.3d 935, 938 n. 1 (5th Cir. 2000).

In this case, Johnson brings claims against relating to an incident on April 5, 2013, where he was escorted out of the Hays County Government Center. In his prior suit, *Johnson v. Slaughter et al.*, Civ. No. A-13-CV-438-LY (W. D. Tex. 2013), Johnson complained about this same incident and named these same defendants. *See* Dkt. No. 6 at p. 12. The parties to the action are identical, the claims are identical, and a judgment on the merits was rendered by a court of competent jurisdiction. Therefore, Johnson's claims against Hays County, the Hays County District Attorney's office, Fred Weber and Sherri Tibbe are barred by the doctrine of res judicata and should be dismissed as frivolous.

One difference between this suit and the earlier one is that Johnson names three defendants here that were not named in the prior suit: the Hays County Sheriff's Office, Sheriff Cutler, and Sergeant

---

[1] Res judicata, or claim preclusion, is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Ellis v. Amex Life Insurance Co.*, 211 F.3d 935, 937 (5th Cir. 2000).

Hall.  His claims against these defendants, however,  relate to the same incident on April 5, 2013.  The doctrine of res judicata bars litigation of any issue connected with a cause of action or defense that, in the use of due diligence, a party might have tried in an earlier suit. *Ellis,* 211 F.3d at 938 n. 1.  In his prior case, Johnson was well aware of any claims he might have against Hall or Cutler.  In fact, he mentioned Hall several times in his prior suit and specifically complained that Hall would not allow him to re-enter the building. *Johnson v. Slaughter et al.*, Civ. No. A-13-CV-438-LY (W. D. Tex. 2013), Complaint at 41-42.  In that case Judge Lane entered an order on September 11, 2013—well after the April 2013 incident—directing Johnson to fully state all claims against all defendants, and he was given various other opportunities in the case to voice his complaints related to the April 5, 2013 incident. Dkt. No. 2.  The Fifth Circuit applies a transactional test to determine whether two suits involve the same claim. *Ellis,* 211 F.3d at 938 n. 1. "[T]he critical issue is whether the plaintiff bases the two actions on the same nucleus of operative facts." *Agrilectric Power Partners, Ltd. v. General Electric Co.*, 20 F.3d 663, 665 (5th Cir. 1994).  Because this suit arises out of the same common nucleus of operative facts as Johnson's prior suit – Johnson's removal from the Hays County Government Center – and Johnson failed to assert claims against Hall and Cutler in that suit when he could have, claims against them now arising out of the same incident are barred.

Defendants who are members of the same government agency are generally treated as being in privity for purposes of being able to assert a res judicata defense. *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (res judicata dismissal of second suit that added IRS commissioner as defendant affirmed because there was "privity between officers of the same government" so that judgment in favor of IRS agents in first suit barred re-litigation);  *Benbow v. Wall*, 2014 WL 652354 (D. R.I. 2014) (dismissing prisoner's second suit based on res judicata despite addition of new correctional officer defendant who was employed by same agency as original defendants).  In this case, all the named

Defendants, including Cutler and Hall, are employees of Hays County.  Because Cutler and Hall are in privity with the other Hays County employee defendants for res judicata purposes, Johnson's claims against them are barred by res judicata.

### 2.    *Claims Against Hays County Sheriff's Department*

Johnson also named the Hays County Sheriff's Department as a defendant in this case.  The Hays County Sheriff's Department cannot be sued as an independent entity.  A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency enjoys a separate and distinct legal existence.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991).  The Hays County Sheriff's Department is not a separate legal entity subject to suit and therefore is not a proper party in this case.  *See Darby*, 939 F.2d at 313–14 (holding that a police department is not a jural entity); *Magnett v. Dallas County Sheriff's Department*, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (holding Dallas County Sheriff's Department is not a legal entity); *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (county sheriff's department and county district attorney's office are not legal entities capable of suing or being sued).  Johnson's  claims against the Hays County Sheriff's Department are frivolous.

### 3.    *Claims Against Hays County Sheriff Gary Cutler*

Johnson's claims against Hays County Sheriff Gary Cutler also suffer from another defect.  It is clear from Johnson's Complaint that he is not alleging Cutler was personally involved in the events of April 5, 2013.  Rather, Johnson asserts Cutler is the official policymaker for the Hays County Sheriff's Department.  An action against a government official in his official, rather than individual, capacity is tantamount to a suit against the government itself.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *McCarthy v. Hawkins*, 381 F.3d 407, 414 (5th Cir. 2004).  *See also Victoria W. v. Larpenter*, 369 F.3d 475, 481 (5th Cir. 2004) (governmental entity is only true defendant

remaining where government officials were named only in their official capacities).  Johnson's claim against Cutler in his official capacity as Hays County Sheriff is thus tantamount to a suit against Hays County, and are not e separate claim.  (As already noted, Johnson's claims against Hays County should be dismissed because as barred by res judicata.)

### 4.   *Duplicative Litigation*

Finally, there is yet one further separate and distinct basis for dismissal.  A court has inherent discretion to dismiss a complaint that is duplicative of other litigation.  *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F .3d 169, 178 (5th Cir. 2007).  A suit is duplicative when the same proof is needed to support the claims in both suits or, in other words, the facts essential to the second suit were present in the first suit.  *Barclay v. Lowe*, 131 Fed. Appx. 778 (2d Cir. 2005) (affirming dismissal as duplicative of a second suit naming new defendants who were employees of the same prison  as first suit); *see also Digennaro v. Whitehair*, 467 Fed. Appx. 42 (2d Cir. 2012) (affirming dismissal of duplicative suit despite addition of new defendant; all defendants were employees of the same municipality).  As already noted, the claims in this case are wholly duplicative of claims asserted in Johnson's 2013 lawsuit, *Johnson v. Slaughter et al.*, Civ. No. A-13-CV-438-LY (W. D. Tex. 2013). The Court therefore has the inherent authority to dismiss the case on that basis as well.  *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (case may be dismissed as malicious if it duplicates claims raised by the same plaintiff in previous litigation).

## III.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS** Johnson's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

This is the third suit Johnson has filed in the Western District of Texas that a judge has determined should be dismissed as frivolous.  The court possesses the inherent power "to protect the

efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices."  *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims.  FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).

Accordingly, the Magistrate Judge also **RECOMMENDS** that the District Court **WARN** Johnson that if he continues to file meritless, vague, duplicative, or impossible claims, the Court may sanction him in the future.  Such sanctions may include a broad injunction, barring him from filing any future actions in the Western District of Texas without leave of court, as well as monetary sanctions, including denial or removal of his in forma pauperis status thereby requiring him to pay a filing fee before filing any new cases in the Western District of Texas.  Additionally, Johnson could be prohibited from filing any new lawsuits until any sanction levied against him is paid in full.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of October, 2014.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

10